## THE ROANOKE.

(Circuit Court of Appeals, Second Circuit. February 7, 1901.)

### No. 86.

MARITIME LIENS—REPAIRS—CONTRACT WITH SUPPOSED OWNERS.

One making repairs on a vessel in a foreign port upon the order of a supposed resident corporation, which claimed to be the owner, but was in fact a charterer without authority under its charter to incumber the vessel, cannot claim a lien for such repairs unless there is affirmative evidence showing that the credit of the ship was pledged; and, where no formal contract was made, his bare statement that the work was done on the credit of the ship is not, alone, sufficient to establish such pledge.

Appeal from the District Court of the United States for the Eastern District of New York.

This cause comes here upon appeal from a decree of the district court, Eastern district of New York, dismissing a libel, with costs. 101 Fed. 298. The libel was filed to recover for repairs to the hull of the steamship Roanoke. The facts in the case are similar to those in The George Farwell (recently decided by this court) 43 C. C. A. 373, 103 Fed. 882. The steamship was owned by a resident of Indiana, had been chartered and delivered to the Manhattan Steamship Company under a charter party which required the charterer to make all repairs, alterations, and additions at its own expense, and to keep the boat free and clear of all liens, incumbrances, and debts. The Manhattan Steamship Company was a corporation organized under the laws of the state of New Jersey, but doing business in New York City, of which city the libelant is a resident.

Peter S. Carter, for appellant.

Harrington Putnam, for appellee.

Before LACOMBE and SHIPMAN, Circuit Judges.

PER CURIAM. It was held in The Farwell that "where supplies and repairs are ordered in a foreign port, not by the master, but by the owner, there must be some affirmative evidence to show that the credit of the ship was pledged as security for payment." See, also, The Stroma, 3 C. C. A. 530, 53 Fed. 281; The Valencia, 165 U. S. 264, 271, 17 Sup. Ct. 323, 41 L. Ed. 710. We concur with the district judge in the conclusion that such affirmative evidence is lacking in this case. The libelant testified that he undertook to make the repairs in consequence of a conversation with the general manager of the Manhattan Steamship Company at his office in New York, supposing at the time that the company was a New York corporation and was the owner of the Roanoke. The whole of that conversation, as detailed by libelant, consisted in a statement by the general manager that "he had purchased these ships on the Lakes,—three of them, I think, three or four,—he and Mr. Hilman, and that the Roanoke had been ashore and wanted some repairs." No formal contract was entered into for making the repairs. The ship arrived at libelant's place a week later, and the repairs were made by day's work. There is in all this no

"evidence to show that the credit of the ship was pledged as security for payment," and the bare statement of the libelant, in answer to a specific question, that he did this work on the credit of the ship, will not supply the deficiency, where there is no fact or circumstance tending to show such pledge.

Objections to the introduction of certain letters and telegrams have been argued, but, in view of the conclusion above indicated, it is unnecessary to discuss them. The decree of the district court is affirmed, with costs.